**In re Anthony F. GALLO and Lorelei H. Gallo, Debtors.**

**Bankruptcy No. 284–20227.**

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

March 4, 1985.

William Hunter, for debtors.

Robin M. Green, Amarillo, Tex., Trustee.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

The objections to exemptions filed by the trustee in the above joint case bring into focus the "antistacking" provisions of the 1984 Bankruptcy Amendments. An issue is presented also as to the right of a joint debtor to amend exemptions and to change from state exemptions to federal exemptions where the joint debtor spouse has died since the petition was filed and substantial assets have been acquired by the surviving joint debtor solely as a result of the death of the spouse. The following summary constitutes findings of fact and conclusions of law.

Anthony F. Gallo and Lorelei H. Gallo, husband and wife, filed joint petition for order for relief under Chapter 7 of Title 11, United States Code on October 17, 1984. In the original schedules they selected the state exemptions authorized under Texas Property Code § 41.001 and § 42.001 et seq. Those exemptions so claimed by them included the Texas urban homestead valued at $48,080.00, cash value of insurance policies on the lives of one or the other of the debtors totalling approximately $30,000.00, and household furniture, furnishings and clothing valued at $1,700.00. Thus the parties had exceeded the $30,000.00 cumulative personal property exemptions authorized under Texas law by only $1,700.00.

On a date not reflected by the record, but within six weeks of the filing of the bankruptcy petition, the husband-debtor, Anthony F. Gallo, died. The life insurance policies on his life, which had been scheduled in the first exemption claim as having cash value approximating $30,000.00, became payable to the remaining debtor, Lorelei H. Gallo, in the face amount of at least $275,-000.00 [1]. Further the amended schedules reflected additional assets of four certificates of deposit with aggregate face value of $10,706.50, a sable fur coat valued at $4,500.00, various items of men's and women's jewelry of the aggregate value of $11,-950.00, 7,442.27 shares of stock in Dalhart Consumer Fuel Association valued at $1,500.00 and 473.64 shares of Farmers Supply Company stock valued at $95.00.

In connection with the amended exemptions debtor, Lorelei H. Gallo, changed the exemption system under which she was claiming to claim exempt property under § 522(d) of the Code. No amendment was filed on behalf of the deceased spouse. Arguably she is contending that his claimed exemptions under state law should survive but that she is entitled to the federal exemptions. In that regard she claimed as exempt property her aggregate interest of $7,500.00 in the homestead, pursuant to § 522(d)(1), an interest in a 1984 Bronco of $1,200.00, pursuant to § 522(d)(2), $4,000.00 in household furniture and appliances under § 522(d)(3), a diamond watch valued at $500.00 under § 522(d)(4) and the proceeds of life insurance policies which had insured the life of her spouse to whom she was a dependent on the date of his death pursuant to § 522(d)(11)(C), contending that those later proceeds are reasonably necessary for her support and the support of her dependents.

Existing bankruptcy law prior to the effective date of the Bankruptcy Amendments and Federal Judgeship Act of 1984 permitted Texas joint debtors, husband and wife, to "stack" exemptions, so that one spouse could claim the full panoply of family exemptions authorized by Texas Property Code §§ 41.001 and 42.001 et seq. and the other spouse could claim the full laundry list of federal bankruptcy exemptions, including the "wild card" exemptions provided by § 522(d)(5). *See Matter of Cannady*, 653 F.2d 210 (5th Cir.1981). However, the 1984 amendments became effective on October 9, 1984, approximately one week prior to the filing of the bankruptcy petition by the joint debtors. Under those amendments § 522(b) was amended to provide that "in joint cases filed under § 302 of ... [Title 11] ... by debtors who are husband and wife *and whose estates are ordered to be jointly administered under Rule 1015(b) of the Bankruptcy Rules*, one debtor may not elect to exempt property listed in paragraph (1) and the other debtor elect to exempt property listed in paragraph (2) of this subsection." Further, § 522(m) was amended as follows: "subject to the limitation in subsection (b), this section shall apply separately with respect to each debtor in a joint case." The thrust of those amendments was designed to prohibit debtors in states with a liberal exemption system, such as Texas, from receiving a "windfall" [2] by stacking the exemptions. Debtor posits that such "stacking" still is available under the amendments, arguing that only joint estates which are *ordered* to be jointly administered are prohibited from making those claims.

A literal reading of Rule 1015(b) does appear to support the debtor's theory. Rule 1015(b) provides that "if a joint peti-

---

1. The face value of a life insurance policy issued by Republic Vanguard Life Insurance Company was listed on the amended schedules as "unknown." That policy, in the original schedules, was shown to have cash value of $3,016.87. Further two National Service Life Insurance policies had been shown on the original schedules, but they were not mentioned in the amended schedules.

2. Not only are the Texas exemptions one of the more liberal systems in the nation, but prior to the 1984 amendments Texas joint debtors could, in effect, receive two homesteads. One spouse could claim the homestead with unlimited value of improvements under the Texas statutes and the other spouse could claim the "wild card" of $7,500.00 under the federal bankruptcy exemption statute in lieu of a homestead claim.

tion ... [is] ... pending in the same court by ... a husband and wife ... the court *may* order a joint administration of the estate." That provision fairly indicates that if the Court does not order joint administration, then the cases are not consolidated and the restrictions of § 522(b), as amended, do not apply. In this district formal orders of consolidation customarily are not entered in husband and wife cases. They are deemed to be consolidated for all purposes and it is only in the rare instance where one of the spouses has separate property and separate debts will the estates be administered separately. The adoption of the argument advanced by the debtors would do violence to the perceived legislative intent in amending § 522(b). Perhaps this district should consider entry of a formal order of consolidation in each joint case, a procedure which largely would contribute nothing to the case but would add to the "paper work." However, the fact that the filing of a joint petition in this district has always been treated as a request for unitary administration of the estate requires that I not accept the debtor's argument.

■ However, I do not construe § 522(m), nor § 522(b) as amended, from prohibiting the debtors from "stacking" the federal exemptions. If each claims the federal exemptions that would permit total of $15,000.00 in homestead claim, $2,400.00 in automobiles, $8,000.00 in household furniture and furnishings that are held primarily for the personal, family or household use of the debtors, $1,000.00 in jewelry, and $800.00 in "wild card" or "spillover" exemptions. I reach that conclusion, notwithstanding the fact that the debtor spouse now is deceased and the fact that substantial life insurance proceeds accruing to the wife beneficiary is the apparent motivation for the change of exemption systems by the wife. The right to exemptions is determined on the date the bankruptcy petition was filed. On that date Anthony Gallo was alive and was entitled to claim exemptions. I conclude that stacked exemptions under § 522(m) is permissible, provided that both debtors (including the representative of the deceased debtor) each elect to claim the federal exemptions under § 522(d).

■ The final issue to be determined is whether the life insurance proceeds in fact are exempt under § 522(d)(11)(C). The total amount of those proceeds is substantial and, as indicated earlier, the final total has not been determined. Those proceeds are exempt only to the extent reasonably necessary for the support of the debtor and any dependent of the debtor. The parties stipulated at trial that the surviving debtor is ill with a progressive disease that is reasonably calculated to seriously impair, if not destroy, her earning capacity. She has two young children to support and, with the loss of the farm, no identifiable profession or occupation which is available to her. If the total proceeds of life insurance policies are not substantially increased when the two National Service Life Insurance policies and the Republic Vanguard policy are collected I can find that the proceeds of life insurance policies are reasonably necessary to the support of Lorelei H. Gallo and of her dependents. However, before closing the book on that issue an amended exemption claim should be made, setting out with specificity the total life insurance proceeds and also specifically identifying each item of personal property claimed to be exempt and the particular subsection of § 522(d) under which the claim is made. After those amended exemption schedules are filed the trustee shall then indicate whether objection is still advanced to the claimed exemptions and, if they cannot be amicably resolved, another hearing will be scheduled.

It is, therefore, ORDERED by the Court that the debtors, Lorelei H. Gallo, individually and as representative of the estate of Joseph F. Gallo, Deceased, file amended schedules consistent with the provisions of this Memorandum and Order.